# SCOTT DUNKLEE v. C. M. GOODNOUGH.

### January Term, 1896.

*Parol evidence.   Note payable in specific articles.*

1. A subsequent parol agreement, not inconsistent with a written contract, may be shown.

2. The plaintiff brought suit upon a promissory note payable in lumber on or before June 1, 1894.   Upon trial, the defendant testified that subsequently to the giving of the note, it was agreed between the parties that the defendant was to get out the boards and notify the plaintiff, who was to be at home to receive them and tell the defendant where to unload them ; that he did before June 1, notify the plaintiff, by letter, that the boards were ready for delivery, but received no reply from him, in consequence of which he had not made delivery.   *Held*, that this would not relieve the defendant from his obligation to deliver the boards on or before June 1, and that the note had become payable in money.

3. Negotiations after June 1, looking to the delivery of other lumber, but not coming to an agreement in that respect, would be immaterial.

Assumpsit.   Plea, the general issue.   Trial by jury at the March term, 1895, Windham county, Rowell, J., presiding.   The court directed a verdict for the plaintiff.   The defendant excepts.

The case appears in the headnotes and opinion.

*Haskins & Stoddard* for the defendant.

The parol testimony was properly admitted.   *Field,*

8

*Admr.*, v. *Mann*, 42 Vt. 65; *Winn* v. *Chamberlin*, 32 Vt. 319; *Bradley* v. *Pike*, 34 Vt. 215.

*Waterman, Martin & Hitt* for the plaintiff.

The parol testimony varied the written contract and was inadmissible. *Bradley* v. *Bentley*, 8 Vt. 242; *Isaacs* v. *Elkins*, 11 Vt. 678; *Gilman* v. *Moore*, 14 Vt. 457; *Gates* v. *Moore*, 51 Vt. 222.

TYLER, J.   This action is brought upon a promissory note given by the defendant to the plaintiff October 16, 1883, for $40, payable June 1, 1884.   An agreement was attached to the note stating that it was· given for a sewing machine which was to remain the plaintiff's until payment, said payment to be made in spruce and pine boards delivered at Brattleboro.   The plaintiff at the same time gave the defendant a writing agreeing to take such boards, delivered at Brattleboro on or before June 1, 1884, in payment, at such prices as the Esteys paid.

The defendant's testimony was properly admitted.   It did not enlarge, vary or contradict the terms of the written contract.   It tended to show a subsequent oral agreement, not inconsistent with, but in addition to, the written contract. Stephen's Dig. of Ev. 134, gives as an instance where oral evidence may be used—to prove :

"The existence of any separate oral agreement as to any matter on which a document is silent, and which is not inconsistent with its terms, if, from the circumstances of the case, the court infers that the parties did not intend the document to be a complete and final statement of the whole of the transaction between them."

In *Field, Admr.*, v. *Mann*, 40 Vt. 61, it appeared by a written contract, that the defendant had received of the plaintiff's intestate, $300 on a lot of furs billed at a larger sum, and that the money was to apply in payment for the furs if the parties could agree on the prices.   It was held

that, as the writing was silent in respect to the time in which the parties should agree, it was competent to show a subsequent parol agreement that the intestate should give the defendant notice, within three days, whether he would keep the furs and pay for them, or not. In the present case, it was proper for the defendant to show that after the writings were executed, a parol agreement was made that when the defendant had his boards ready for delivery he should notify the plaintiff of the fact so the plaintiff might be at home to receive them and direct the defendant where to unload them, and that he sent the plaintiff such notice.

But the parol agreement, when proved, did not relieve the defendant from the written obligation to deliver the boards on or before June 1, 1884. That agreement evidently had reference to June 1. There is nothing to indicate an intention by the parties to extend the time of delivery beyond that date if it were competent to extend it by parol.

The written contract required no demand by the plaintiff, but made it the duty of the defendant to deliver the boards before a certain date if he would avoid liability to pay the note in money. As the plaintiff did not enlarge the time of payment, and made no reply to the defendant's letter, the defendant's liability was left to depend upon the terms of the written contract. His liability to pay in money became fixed June 1, and the subsequent negotiations relative to other kinds of lumber are immaterial.

*Judgment affirmed.*